UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HARVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CIOX HEALTH, LLC,<br><br>    Defendant. | Case No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Michael Harvey ("Harvey"), individually and on behalf of all others similarly situated, files this Class Action Complaint ("Complaint") seeking all available remedies against Defendant Ciox Health, LLC ("Ciox").

**INTRODUCTION**

1.  The Pennsylvania General Assembly (the "Legislature") has recognized the importance of patients having the ability to obtain copies of their medical records at reasonable charges. Patients may need their records to obtain further medical care or for legal proceedings, such as lawsuits for injuries caused to them by the negligence of others. The Legislature also has recognized that medical providers may incur real out-of-pocket expenses in providing patients with copies of their medical records, for which expenses they deserve reasonable compensation. The Legislature has recognized the need for a careful balancing of the rights of patients and the economic needs of medical providers.

2.  The Legislature therefore passed Pennsylvania Consolidated Statutes 42 §§ 6152,

1

6152.1 and 6155 setting the conditions under which health care providers or facilities must provide copies of medical records to patients and their legally authorized representatives and the fees which they may charge for doing so.

3.     Under 51 Pa.B. 7570, the Pennsylvania Department of Health published Amendments to Charges for Medical Records, which further limit, pursuant to 42 U.S.C. § 17935, the amount that may be charged when records are produced in an electronic format.

4.     A significant majority of hospitals and physicians outsource the production of medical record copies to third-party entities that specialize in this business ("medical records services" or "MRS"). The MRS review the record requests and make sure necessary authorization forms are provided in correct form, retrieve the requested records (either directly from the medical provider's records or with help of medical provider employees), invoice for the records, collect the charges, produce the records and remit some portion of the collected charges to the medical providers, keeping the remainder for themselves. As an agent for the hospitals and physicians, an MRS is obligated to produce documents in a fashion that complies with Pennsylvania and federal law.

5.     Upon information and belief, Ciox is the largest MRS in the United States, providing its services nationwide and is one of the largest, if not the largest, suppliers of these services in Pennsylvania. Ciox boasts that it handles over 40 million record requests annually. As the agent for the hospitals and physicians in Pennsylvania for whom it provides services, Ciox has the duty to comply with state and federal law setting forth the maximum charges for medical records. However, Ciox routinely charges more than the amount allowed by law, costing Pennsylvania patients and others millions of dollars.

6.     Despite the limits on the fees that can be charged, Ciox unlawfully charges the

higher legal maximum for paper copies, even when it produces copies solely in electronic format.

7. Prices that exceed the statutory legal maximums in the contracts between Ciox and patients (entered into on behalf of the patients by their attorneys) are illegal and void, as unauthorized charges, and the statutory maximums are deemed incorporated into the contracts in their place.

8. By charging more than the legally allowable maximums Ciox violated Pennsylvania law and contracts for such services should be declared void ab initio as violative of Pennsylvania statutes limiting the amounts that may be charged for such services and requiring Ciox to disgorge all wrongfully obtained payments for medical records pursuant to such illicit contracts.

9. In the alternative, Ciox breached its contracts with Plaintiff and the other members of the proposed class, damaging them in the differences between the amounts charged and the legal maximums plus the amounts of the unauthorized charges.

**PARTIES, JURISDICTION AND VENUE**

10. Plaintiff Harvey was a resident of Pennsylvania at all relevant times.

11. Defendant Ciox Health, LLC ("Ciox") was formed in and is incorporated in Georgia and has its principal place of business in Alpharetta, Georgia. Ciox can be served with process through its registered agent for service of process in Pennsylvania, Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110. Ciox has consented to jurisdiction in Pennsylvania by filing a consent to jurisdiction with the Pennsylvania Secretary of State.

12. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because: (i) there are 100 or more class members, (ii) the matter in controversy, exceeds $5,000,000, exclusive of interest and costs, and (iii) there is

minimal diversity, because at least one plaintiff and one defendant are citizens of different states and the number of members of the proposed class in the aggregate is more than 100.

13. This Court has specific personal jurisdiction over Ciox because the alleged excessive charges to Plaintiff and a significant portion of the Class occurred in the State of Pennsylvania and in this District. Ciox has also consented to jurisdiction in this venue by way of its registration with a corporate agent.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and/or (c) because Defendant conducts business in the District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District.

## STATUTORY AND ADMINISTRATIVE SCHEME

15. 42 PA Statute § 6152 ("6152") governs the production of medical records upon any health care provider or employee of any health care facility pursuant to subpoena. Subsection (b) provides that the health care provider or facility or a designated agent shall be entitled to charge a set fee for searching for and retrieving records, a graduated per page charge for papers stored on paper or in electronic format, plus the actual cost of postage, shipping or delivery. Specifically, 6152 provides in relevant part as follows:

> (2) (i) … the health care provider or facility or a designated agent shall be entitled to receive payment of the amounts under this subsection before producing the charts or records pursuant to a subpoena. The payment shall be $20.62 for searching for and retrieving the records, $1.39 per page for the first 20 pages, $1.03 per page for pages 21 through 60 and 34¢ per page for pages 61 and thereafter for paper copies or reproductions on electronic media whether the records are stored on paper or in electronic format; $2.04 per page for copies from microfilm; plus the actual cost of postage, shipping or delivery. No other charges for the retrieval, copying and shipping or delivery of medical records other than those set forth in this paragraph shall be permitted without prior approval of the party requesting the copying of the medical records. The amounts which may be charged shall be adjusted annually beginning on January 1, 2013, by the Secretary of Health of the Commonwealth based on the most recent changes in the consumer price index reported annually by the Bureau of Labor Statistics of the United States Department of Labor.

16.     42 Pa S. A. § 6155 ("6155") governs the rights of patients, including the patients' rights to records generally as follows:

> Rights of patients. (b) Rights to records generally.-- (1) A patient or his designee, including his attorney, shall have the right of access to his medical charts and records and to obtain photocopies of the same, without the use of a subpoena duces tecum, for his own use. A health care provider or facility shall not charge a patient or his designee, including his attorney, a fee in excess of the amounts set forth in section 6152(a)(2)(i) (relating to subpoena of records).

17.     As of January 1, 2022, hospitals or their agents could charge a basic retrieval or processing fee of up to $25.20 (which cannot be charged if the requestor is requesting their own personal health record), $1.70 per page for the first 20 pages), plus $1.54 for the 21st through 60th pages, plus $0.44 for the 61st through remaining pages, plus the actual cost of posting, shipping and delivery.

18.     51 Pa.B. 7570 provides that the permissible fees are subject to a number of exceptions, including exceptions as follows:

> (3) The charges for the production of medical records by a health care provider in response to a request made by either an individual who is the subject of the health information or the individual's personal representative is governed by the Health Insurance Portability and Accountability Act (Pub.L. No. 104-191) (HIPAA) and Federal regulations enacted under HIPAA, including (42 U.S.C. § 17935(e)) and 45 CFR 164.524 (relating to access of individuals to protect health information), as follows:
>
>> a. Electronic health record. Under section 13405 (42 U.S.C. § 17935), if a health care provider uses or maintains health records in an electronic format with respect to protected health information of an individual, the individual shall have a right to obtain from the health care provider a copy of the information in an electronic format. The individual also has a choice to direct the health care provider to transmit electronically a copy of the health record directly to an entity or person designated by the individual, provided that any choice is clear, conspicuous and specific. **Any fee that the health care provider may impose for providing the information (or a summary or explanation of the information) in an electronic format shall not be greater than the labor costs in**

5

**responding to the request**. The Department of Health and Human Services has stated that the labor costs may not include costs associated with searching for and retrieving the requested information.

b. Health record used or maintained in other types of format (for example, paper). Under 45 CFR 164.524(c)(4), if the individual requests a copy of the protected health information or agrees to a summary or explanation of the information, the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of:

(i) Labor for copying the protected health information requested by the individual, whether in paper or electronic form.

(ii) Supplies for creating the paper copy or electronic media if the individual requests that the electronic copy be provided on portable media.

(iii) Postage, when the individual has requested the copy, or the summary or explanation, be mailed.

(iv) Preparing an explanation or summary of the protected health information, if the individual agrees in advance to such a summary or explanation and the fees to be imposed, in accordance to 45 CFR 164.524(c)(2)(iii). Similarly, the labor costs under 45 CFR 164.524(c)(4) shall not include the cost attributable to search and retrieval of the records.

(Emphasis added.)

## CIOX'S UNIFORM OVERCHARING OF PLAINTIFF AND THE CLASS

19. After a request for records is made, Ciox obtains the records from the medical provider. It then calculates the fees it will charge for the requested records based on the number of pages and the maximum charges for providing the records in paper format, regardless of whether the request specifies electronic format, paper format, or is silent on the format. It sends an invoice to the attorney reflecting the maximum paper format charges. The invoice constitutes the offer to contract. Payment by the attorney constitutes acceptance of the offer, after which the contract for the provision of medical records between Ciox and the attorney and/or patient is formed. Ciox will

not provide the requested records unless it first receives payment of the invoiced amount.

20. Where the health care provider uses or maintains health records in an electronic format with respect to protected health information of an individual and provides such information in electronic format, the charges that exceed the labor costs (which may not include costs associated with searching for and retrieving the requested information) violate state and federal law, as described above and are thus illegal and void. By charging in excess of the maximum charges, Ciox violates Pennsylvania law. Thus, its contract with the requestor of medical records is void ab initio or, in the alternative, Defendant breaches its contracts with the patients and Class Members by charging them such excessive fees.

21. Ciox's treatment of Plaintiff perfectly illustrates Ciox's systematic breach of contract. On January 6, 2022, Plaintiff, through his attorney, contacted the records custodian for Michael S. Yoon, M.D. in Abington, requesting medical records and providing the requisite authorization. On January 6, 2022, Plaintiff, through his attorney Steven Wolfe, also wrote to the records custodian for Abington Hospital, requesting medical records and providing the requisite authorization. On March 24, 2022 and October 10, 2022 Wolfe requested additional records for this patient.

22. On information and belief, Dr. Yoon's medical records concerning his treatment of Plaintiff were maintained electronically, and the request for records specified production in electronic format only.

23. On or about January 11, 2022, Ciox responded with an invoice in the amount of $55.65, consisting of a basic fee of $25.20, plus $25.50 (15 pages at $1.70 per page) and $1.80 in shipping for the patient's records from Dr. Yoon. On or about January 14, 2022, Ciox responded with an invoice in the amount of $183.55 (exclusive of sales tax), consisting of a basic fee of

$25.20, plus $34.00 (20 pages at $1.70 per page), $50.40 (40 pages at $1.26), $59.84 (136 pages at $0.44) and $14.11 in shipping for the patient's records from Abington Hospital. These constituted the offer. Plaintiff, through his attorney, paid Ciox by checks dated January 19, 2022 and January 24, 2022, which constituted Plaintiff's acceptance and formed the contracts between Ciox and Plaintiff.

24. Ciox sent similar invoices on January 20, 2022, April 29, 2022 and October 13, 2022, all of which contained similar excessive fees, which were similarly paid by Plaintiff.

25. Despite Ciox providing the copies electronically, Ciox charged a basic fee and per page fees instead of a fee that was no "greater than the labor costs in responding to the request," pursuant to the terms of 51 Pa.B. 7570(3), *et seq.*, or such other reasonable fees permitted under Pennsylvania law.

## **CLASS ALLEGATIONS**

26. Plaintiff seeks to represent a Class defined as:

All residents of the United States who requested medical records from a health care provider in Pennsylvania to whom the records were produced by Ciox and whom Ciox charged fees based upon providing paper copies of the records despite producing them in electronic format and to whom Ciox charged a per page fee during the four years preceding the filing of this Petition by deduction from the proceeds of a lawsuit in which such medical records were requested.

The Class Period runs from four years before the date of this Petition to the date of class certification.

27. Plaintiff requests the Court certify this Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) and name Plaintiff as the Class representative and the undersigned counsel the Class counsel.

28. There are thousands of members of the Class, such that joinder of all Class members

is impracticable. These class members can be identified through Ciox's electronic records.

29. There are questions of law and fact that are common to all of the members of the Class and that predominate over any individual questions of law and fact, including whether contracts existed between Ciox and the Class, whether Ciox breached those contracts by charging fees in violation of federal and/or state law. Alternatively, pursuant to the cause of action for unjust enrichment, whether the overcharges constitute money which, in equity and good conscience, Ciox should not retain.

30. Plaintiff's claims are typical of the claims of the Class. They all arise under the same legal theories and out of the same pattern of conduct by Ciox.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class because it has no conflicts of interest with the other members of the Class and because it has hired well-qualified counsel to represent the Class who likewise have no conflicts of interest with the members of the Class.

32. This case is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the questions of law or fact common to Class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Common issues predominate as set forth above.

33. A class action is superior because the amounts recoverable by individual Class members are not enough to justify individual suits against a large corporation like Ciox which can be expected to vigorously defend every such suit as a matter of precedent. For that reason, Class members do not have a real interest in individually controlling their separate claims. Further, the overwhelming majority of Class members do not even know they have such claims to sue over.

34. Even if individual suits were feasible and likely to be filed, it would be highly inefficient and a waste of the parties' and the court system's resources to repeatedly adjudicate the same factual and legal issues. Plus, it could result in undesirable and inconsistent results on foundational legal issues. Thus, it is highly desirable to concentrate the litigation in this forum, which is well equipped to resolve the controversy for all Class members and Ciox.

35. No unusual difficulties are likely to be encountered in managing this case as a class action. The same law applies to all Class members' claims, and the legal issues are simple matters of statutory and contractual interpretation. And, as previously explained, damages are easily and readily calculable for each Class member on an undisputed, mechanical, ministerial basis.

## COUNT ONE—BREACH OF 42 Pa.C.S.A. § 6152 et seq.

36. Plaintiff realleges paragraphs 1-35 above as if fully set forth herein.

37. The Legislature passed the Medical Records Act, 42 Pa.C.S.A. § 6152 et seq., to regulate the cost of medical records for patients.

38. Defendant has charged Plaintiff and the Class fees for their medical records that exceed the amount permitted by the Medical Records Act.

39. Plaintiff and the members of the class have been harmed by Defendant's illegal actions.

40. Accordingly, Plaintiff and the Class are entitled to judgment in an amount equal to the amounts overcharged by Defendant.

## COUNT TWO—BREACH OF CONTRACT

41. Plaintiff realleges paragraphs 1-40 above as if fully set forth herein.

42. Plaintiff and the other members of the Class entered into contracts with Ciox to provide them copies of their records, the terms of which specified unlawful charges.

43. Ciox breached those contracts by charging Plaintiff and other members of the Class fees that are not permitted by the statutes. Plaintiff and the other members of the Class were proximately damaged by these breaches in the amounts of the unlawful charges.

## COUNT THREE-UNJUST ENRICHMENT

44. Plaintiff realleges paragraphs 1-43 above as if fully set forth herein verbatim.

45. Defendant has received and benefited from its charging of unlawful fees, along with that of the other Class Members, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

46. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

47. Accordingly, Plaintiff and the Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## COUNT FOUR-MONEY HAD AND RECEIVED

48. Plaintiff realleges paragraphs 1-47 above as if fully set forth herein.

49. The illegality of Ciox charging more than the maximum charges allowed by the Statutes, specifically through charging for paper copies instead of electronic copies and imposing fees not authorized by the Statutes, renders the contracts illegal and void. In these circumstances, the overcharges collected by Ciox due to its paper versus electronic copy charges and the unauthorized fees charged also represent money that, in equity and good conscience, it should not keep and is recoverable by Plaintiffs and the Class.

## REQUEST FOR RELIEF

Plaintiff respectfully requests the Court to award it the following relief:

a. Enter an order certifying this to proceed as a class action, appointing the undersigned

counsel as Class counsel and appointing Plaintiff as class representatives;

b.  Enter a judgment awarding Plaintiff and the Class damages as set forth above;

c.  Enter a judgment awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred in prosecuting this action;

d.  Enter a judgment awarding Plaintiff and the Class prejudgment and post-judgment interest at the maximum rates permissible at law or in equity; and

e.  Enter a judgment awarding Plaintiff and the Class all such other further relief, general or special, legal or equitable, to which they may be justly entitled.

Dated:  May 23, 2025

Respectfully Submitted,

/s/ *Andrew Lapat*

Andrew Lapat (Pa Bar 55673)
alapat@edelson-law.com
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA  18940
215-867-2399
610-212-6193 (cell)